UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: MAURICE MICHAEL MILLER, DEBRA RAE MILLER | : | CASE NO. 10-51252 |
| | : | Chapter 7 |
| DEBTORS | : | Hon. Marilyn Shea-Stonum Bankruptcy Judge |

_____

MOTION OF GREEN RIVER MARINA, LLC FOR RELIEF FROM STAY
_____

Green River Marina, LLC ("Green River"), by its attorneys, hereby submits this Motion for an Order, pursuant to 11 U.S.C. § 362(d)(1) and Local Bankruptcy Rule 4001-1, modifying the automatic stay to allow Green River to proceed with its state law indemnification claims pending in the Circuit Court for Taylor County, Kentucky ("Kentucky State Court"), captioned *Maurice M. Miller v. Green River Marina, LLC*, Case No. 09-CI-00010 (the "State Court Litigation") against Debtors Maurice Michael Miller and Debra Rae Miller.

In support of this Motion, Green River respectfully represents as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is Section 362(d) of the United States Bankruptcy Code and Local Rule of Bankruptcy Procedure 4001-1.

-2-

## BACKGROUND

1. On January 12, 2009, Maurice Michael Miller ("Mr. Miller") commenced the State Court Litigation. A copy of the Complaint is attached hereto as Exhibit A.

2. In the State Court Litigation, Mr. Miller sued Green River for claims arising from a boating accident on a boat rented by the Millers from Green River.

3. On June 22, 2010, Green River filed a Third-Party Complaint in the State Court Litigation against Debtor Debra Rae Miller ("Mrs. Miller") arising from indemnity and hold harmless claims derived from Green River's standard Boat Rental and Indemnity Agreement (the "Rental Agreement"). A copy of the Third-Party Complaint, which includes the Rental Agreement, is attached hereto as Exhibit B.

4. On or about August 3, 2010, Mrs. Miller filed an Answer to the Third-Party Complaint.

5. The parties engaged in limited discovery until May 4, 2010, when the Debtors filed a Voluntary Petition under Chapter 13, United States Bankruptcy Code. This case has subsequently been converted over to a Chapter 7 case.

6. Upon information and belief, either or both of the Debtors maintained liability insurance which may be applicable to the claims herein.

7. The automatic stay imposed by Section 362 of the Bankruptcy Code has stayed further action, including all discovery.

## RELIEF REQUESTED

1. By this Motion, pursuant to Section 362(d), Green River seeks relief from the automatic stay to continue the State Court Litigation and to pursue its indemnity claims and right to collect the insurance proceeds from policies maintained by Mrs. Miller.

-2-

2. Lifting this stay is appropriate. The issues in the State Court Litigation arise solely from state common law and do not require bankruptcy expertise. Judicial efficiency will be promoted by lifting the stay, since the Circuit Court for Taylor County, Kentucky is familiar with and expert in the Kentucky law issues before it, and no further action by this Court will likely be required, nor will granting the relief requested cause prejudice to the estate or creditors to the extent any judgment or settlement is collected from insurance proceeds. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992). Additionally, Green River seeks to liquidate its indemnity claim for purposes of the claims process which is ongoing in this case. Green River submits that the hardship to Green River caused by the continuation of the automatic stay considerably outweighs any hardship caused to the Debtors by modification of the stay.

## ARGUMENT

1. Section 362(d)(1) provides that the stay may be modified or lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Since the Bankruptcy Code does not define "cause" as used in Section 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Associates L.P. v. Aetna Casualty & Surety Co. (In re Laguna Associates L.P.)*, 30 F.3d 734, 737 (6th Cir. 1994).

2. Courts have long recognized that it is within the sound discretion of the bankruptcy courts to grant relief from the automatic stay and thereby defer to a non-bankruptcy forum – which has jurisdiction over the dispute and in which significant time and funds have already been expended – the resolution of pending litigation involving state law issues. *See, e.g., In re Robbins*, 964 F.2d 342, 345-346 (4th Cir. 1992); *Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982).

3. In determining whether to lift the automatic stay in order that a party may commence or continue litigation in another forum, most courts balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, the debtor's estate and other creditors. Within the Sixth Circuit, courts have held the test to determine whether an automatic stay should be lifted to allow continuation of a pending lawsuit is whether "(a) any 'great prejudice' to either the bankruptcy estate or the debtor will result from continuation of the civil suit, (b) the hardship to the plaintiff y maintenance of the stay considerably outweighs the hardship to the debtor, and (c) the creditor-plaintiff has a probability of prevailing on the merits of his case." *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

4. Here, Green River merely seeks to proceed in the State Court Litigation and to enforce any indemnity rights it has against the insurance proceeds of Mrs. Miller, which are not property of the estate. Courts have consistently held that "if a debtor does not have a direct interest in the proceeds of the insurance policy, the insurance proceeds are no longer property of the debtor's estate." *In re Youngstown Osteopathic Hospital Ass'n*, 271 B.R. 544, 550 (Bankr. N.D. Ohio 2002). Indeed, the Debtors do not list the insurance policies nor any proceeds as an asset comprising property of the estate. Thus, modifying the automatic stay to permit Green River to seek recovery from insurance proceeds does not create any "great prejudice" to the Debtors or the bankruptcy estate.

5. The minimal prejudice to the Debtors, who will suffer no adverse financial consequences is vastly outweighed by the potential prejudice to Green River, whose ability to reach the insurance proceeds may be undermined by the "aging of evidence, loss of witnesses, and crowded

court dockets." (*Bock Laundry*, 37 B.R. at 566. Indeed, the Debtors will be actively engaged in the State Court Litigation in pursuing their personal injury claims against Green River.

6. In viewing the totality of the circumstances, under the applicable balancing test, it is clear that "cause" exists to modify the automatic stay to permit Green River to seek to proceed with its Third-Party Complaint as they relate to the available insurance proceeds.

## CONCLUSION

In this case, Green River seeks to prosecute its Third-Party Complaint in order to proceed against any available insurance proceeds which do not constitute property of the bankruptcy estate. Any burden faced by the Debtors if the stay is modified is far outweighed by the potential prejudice that Green River will face by denying it the ability to pursue collection from the only available source if the stay is not modified. As such, Green River requests that this Court enter an order modifying the automatic stay to permit Green River to continue the State Court Litigation and provide Green River such other relief as this Court deems proper.

Respectfully submitted,

*/s/ Robert F. Brown*
Donald C. Adams, Jr. (0027101)
Robert F. Brown (0040143)
RENDIGS, FRY, KIELY & DENNIS, LLP
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202
PH: 513/381-9200  FX: 513/381-9206
dadams@rendigs.com; rbrown@rendigs.com
*Attorneys for Green River Marina, LLC*

## NOTICE OF MOTION

Green River Marina, LLC has filed papers with the Court for an order modifying the automatic stay to allow it to proceed with its state law indemnity action pending in the Circuit Court for Taylor County, Kentucky, captioned *Maurice Michael Miller v. Green River Marina, LLC*, Case No. 09-CI-00010 against Maurice Michael Miller and Deborah Ray Miller.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the Motion, then on or before twenty-one (21) days from the date set forth in the certificate of service for the Motion, you must file with the Court a response explaining your position by mailing your response by U.S. Mail to the Office of the Clerk, United States Bankruptcy Court for the Northern District of Ohio, 455 Federal Building, Two S. Main Street, Akron, Ohio 44308, or your attorney must file a response using the Court's ECF System.

The Court must receive your response on or before the above date.

You must also send a copy of your response either by (1) the Court's ECF System, or (2) regular U.S. Mail to: (1) Donald C. Adams, Jr. and Robert F. Brown, Rendigs, Fry, Kiely & Dennis, LLP, One West Fourth Street, Suite 900, Cincinnati, Ohio 45202; (2) John D. Henderson, 103 W. Court Street, Suite E, Greensburg, Kentucky 42743; (3) Robert M. Whittington, Jr., 129 S. Main Street, Key Building No. 1023, Akron, Ohio 44308-1318; (4) Mark P. Gertz, Goldman-Rosen, Ltd., 11 S. Forge Street, Akron, Ohio 44304; and (5) The Office of the U.S. Trustee, Northern District of Ohio, Howard Metzenbaum U.S. Courthouse, Party of Interest, 201 Superior Avenue, Cleveland, Ohio 44114.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further hearing or notice.

10-51252-mss    Doc 50    FILED 08/30/10    ENTERED 08/30/10 10:16:16    Page 6 of 7

## CERTIFICATE OF SERVICE

       I hereby certify that on August 30, 2010, a copy of the foregoing Motion of Green River Marina, LLC for Relief from Stay was served upon the following registered ECF participants, electronically through the Court's ECF System at the email address registered with the Court:

Robert M. Whittington, Jr., Debtor attorney

Mark P. Gertz, Chapter 7 Trustee

U.S. Trustee

and on the following by ordinary U.S. mail to:

       John D. Henderson
       103 W. Court Street, Suite E
       Greensburg, Kentucky 42743

                                             */s/ Robert F. Brown*
                                             Robert F. Brown